# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF
## DIVISION

In re: §
§
Dontae L Hickenbottom § Case No. 12-15749
Tenee R Hickenbottom §
§
§
Debtor(s) §

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter    of the United States Bankruptcy Code was filed on    . The undersigned trustee was appointed on    .

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized gross receipts of     $

    Funds were disbursed in the following amounts:

    Payments made under an interim disbursement
    Administrative expenses
    Bank service fees
    Other payments to creditors
    Non-estate funds paid to 3rd Parties
    Exemptions paid to the debtor
    Other payments to the debtor

    Leaving a balance on hand of[1]     $

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-TFR (5/1/2011) *(Page: 1)*

The remaining funds are available for distribution.

5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

6. The deadline for filing non-governmental claims in this case was _____ and the deadline for filing governmental claims was _____. All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

7. The Trustee's proposed distribution is attached as **Exhibit D**.

8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $_____. To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $_____ as interim compensation and now requests a sum of $_____, for a total compensation of $_____ [2]. In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $_____, and now requests reimbursement for expenses of $_____, for total expenses of $_____ [2].

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date:_____  By:/s/Joji Takada, Chapter 7 Trustee_____
                                                    Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Exhibit A

| Case No: | 12-15749 | BWB | Judge: | Bruce W. Black | Trustee Name: | Joji Takada, Chapter 7 Trustee |

| Case Name: | Dontae L Hickenbottom | | Date Filed (f) or Converted (c): | 04/18/2012 (f) |
| | Tenee R Hickenbottom | | 341(a) Meeting Date: | 05/09/2012 |
| For Period Ending: | 03/05/2014 | | Claims Bar Date: | 10/26/2012 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Est Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1. Checking Account with Chase | 500.00 | 0.00 | | 0.00 | FA |
| 2. Savings account with Chase | 400.00 | 0.00 | | 0.00 | FA |
| 3. Checking Account with Harris | 0.00 | 0.00 | | 0.00 | FA |
| 4. Savings account with Abri Credit Union | 0.00 | 0.00 | | 0.00 | FA |
| 5. Miscellaneous household goods | 1,750.00 | 0.00 | | 0.00 | FA |
| 6. Miscellaneous books, music and collectibles | 200.00 | 0.00 | | 0.00 | FA |
| 7. Clothing | 700.00 | 0.00 | | 0.00 | FA |
| 8. Jewelry | 255.00 | 0.00 | | 0.00 | FA |
| 9. Term life insurance--no cash surrender value | 0.00 | 0.00 | | 0.00 | FA |
| 10. IRA | 8,000.00 | 0.00 | | 0.00 | FA |
| 11. 401k | 1,000.00 | 0.00 | | 0.00 | FA |
| 12. 2005 Hummer H2 | 13,200.00 | 0.00 | | 0.00 | FA |
| 13. 16624 Borio Drive, Crest hill, Illinois  60403 | 179,900.00 | 0.00 | | 0.00 | FA |
| 14. Post-petition fraudulent transfer of real property (u) | 0.00 | 10,000.00 | | 10,000.00 | FA |
| INT. Post-Petition Interest Deposits (u) | Unknown | N/A | | 0.00 | Unknown |

Gross Value of Remaining Assets

TOTALS (Excluding Unknown Values)     $205,905.00     $10,000.00          $10,000.00     $0.00

(Total Dollar Amount in Column 6)

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

Compromises with Debtor regarding post-petition transfer of assets; Installment payments being made as agreed upon; Preparing final report.

Initial Projected Date of Final Report (TFR): 04/18/2014     Current Projected Date of Final Report (TFR): 04/18/2014

**FORM 2**
**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Exhibit B

Case No: 12-15749
Case Name: Dontae L Hickenbottom
Tenee R Hickenbottom

Trustee Name: Joji Takada, Chapter 7 Trustee
Bank Name: Congressional Bank
Account Number/CD#: XXXXXX8134
Checking Account

Taxpayer ID No: XX-XXX9646
For Period Ending: 03/05/2014

Blanket Bond (per case limit):
Separate Bond (if applicable):

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account/CD Balance ($) |
| 09/13/12 | 14 | Dontae and Tenee Hickenbottom 1662 Borio Drive Crest Hill, Illinois 60403 | Settlement funds Regarding fraudulent transfer | 1241-000 | $5,000.00 | | $5,000.00 |
| 10/01/12 | 14 | Dontae and Tenee Hickenbottom | Settlement funds Installment payment for post-petition fraudulent transfer settlement | 1241-000 | $500.00 | | $5,500.00 |
| 11/01/12 | 14 | Tenee Hickenbottom 16624 Borio Drive Crest Hill, Illinois 60435 | Settlement funds Installment payment re: post-petition transfer | 1241-000 | $500.00 | | $6,000.00 |
| 12/04/12 | 14 | Dontae and Tenee Hickenbottom | Settlement funds | 1241-000 | $500.00 | | $6,500.00 |
| 01/05/13 | 14 | Dontae and Tenee Hickenbottom 16624 Borio Drive Crest Hill, Illinois 60403 | Settlement funds | 1241-000 | $500.00 | | $7,000.00 |
| 02/12/13 | | Transfer to Acct # xxxxxx8436 | Transfer of Funds | 9999-000 | | $7,000.00 | $0.00 |

|  |  |  |
|---|---:|---:|
| COLUMN TOTALS | $7,000.00 | $7,000.00 |
| Less: Bank Transfers/CD's | $0.00 | $7,000.00 |
| Subtotal | $7,000.00 | $0.00 |
| Less: Payments to Debtors | $0.00 | $0.00 |
| Net | $7,000.00 | $0.00 |

UST Form 101-7-TFR (5/1/2011) *(Page: 4)*

Page Subtotals:          $7,000.00          $7,000.00

**FORM 2**
**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Case No: 12-15749  
Case Name: Dontae L Hickenbottom  
Tenee R Hickenbottom  

Trustee Name: Joji Takada, Chapter 7 Trustee  
Bank Name: The Bank of New York Mellon  
Account Number/CD#: XXXXXX8436  
Checking  

Exhibit B

Taxpayer ID No: XX-XXX9646  
For Period Ending: 03/05/2014  

Blanket Bond (per case limit):  
Separate Bond (if applicable):  

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account/CD Balance ($) |
| 02/12/13 | | Transfer from Acct # xxxxxx8134 | Transfer of Funds | 9999-000 | $7,000.00 | | $7,000.00 |
| 03/07/13 | | The Bank of New York Mellon | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $5.71 | $6,994.29 |
| 03/11/13 | | The Bank of New York Mellon 500 Ross Street Suite 154-0510 Pittsburgh, PA 15262 | Bank and Technology Services Fee Adjustment | 2600-000 | | $4.29 | $6,990.00 |
| 04/05/13 | | The Bank of New York Mellon | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $10.39 | $6,979.61 |
| 05/07/13 | | The Bank of New York Mellon | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $10.04 | $6,969.57 |
| 05/17/13 | 14 | Tenee Hickenbottom | Settlement payment | 1241-000 | $1,500.00 | | $8,469.57 |
| 06/07/13 | | The Bank of New York Mellon | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $11.15 | $8,458.42 |
| 07/08/13 | | The Bank of New York Mellon | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $12.17 | $8,446.25 |
| 08/02/13 | 14 | Tenee Hickenbottom | Settlement payment Re: fraudulent transfer | 1241-000 | $1,500.00 | | $9,946.25 |
| 08/07/13 | | The Bank of New York Mellon | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $12.56 | $9,933.69 |

| | | |
|---|---:|---:|
| COLUMN TOTALS | $10,000.00 | $66.31 |
| Less: Bank Transfers/CD's | $7,000.00 | $0.00 |
| Subtotal | $3,000.00 | $66.31 |
| Less: Payments to Debtors | $0.00 | $0.00 |
| Net | $3,000.00 | $66.31 |

UST Form 101-7-TFR (5/1/2011) *(Page: 5)*

| | | |
|---|---:|---:|
| Page Subtotals: | $10,000.00 | $66.31 |

Page: 3

Case 12-15749    Doc 42    Filed 04/11/14    Entered 04/11/14 10:46:48    Desc Main
           Document      Page 6 of 11

Exhibit B

TOTAL OF ALL ACCOUNTS

| | NET DEPOSITS | NET DISBURSEMENTS | ACCOUNT BALANCE |
|---|---|---|---|
| XXXXXX8134 - Checking Account | $7,000.00 | $0.00 | $0.00 |
| XXXXXX8436 - Checking | $3,000.00 | $66.31 | $9,933.69 |
| | $10,000.00 | $66.31 | $9,933.69 |
| | (Excludes account transfers) | (Excludes payments to debtors) | Total Funds on Hand |

| | |
|---|---|
| Total Allocation Receipts: | $0.00 |
| Total Net Deposits: | $10,000.00 |
| Total Gross Receipts: | $10,000.00 |

UST Form 101-7-TFR (5/1/2011) *(Page: 6)*

Page Subtotals:                $0.00        $0.00

Exhibit C
ANALYSIS OF CLAIMS REGISTER

Case Number: 12-15749  
Debtor Name: Dontae L Hickenbottom  
Claims Bar Date: 10/26/2012  

Date: March 5, 2014

| Code # | Creditor Name And Address | Claim Class | Notes | Scheduled | Claimed | Allowed |
|---|---|---|---|---|---|---|
| 100 2100 | Joji Takada<br>6336 North Cicero Avenue<br>Chicago, IL 60646 | Administrative | | $0.00 | $1,750.00 | $1,750.00 |
| 100 2200 | Joji Takada<br>6336 North Cicero Avenue<br>Chicago, IL 60646 | Administrative | | $0.00 | $8.40 | $8.40 |
| 1 300 7100 | Quantum3 Group Llc As Agent For<br>World Financial Network Bank<br>Po Box 788<br>Kirkland, Wa 98083-0788 | Unsecured | | $1,085.00 | $1,324.03 | $1,324.03 |
| 2 300 7100 | Cvf Consumer Acquisition<br>Company Its Successors<br>And Assigns As Assignee Of Nco<br>Portfolio Management<br>Resurgent Capital Services<br>Po Box 10587<br>Greenville, Sc 29603-0587 | Unsecured | | $0.00 | $1,810.50 | $1,810.50 |
| 3 300 7100 | American Infosource Lp As Agent For<br>Midland Funding Llc<br>Po Box 268941<br>Oklahoma City, Ok 73126-8941 | Unsecured | | $2,728.00 | $3,054.41 | $3,054.41 |
| 4 300 7100 | American Infosource Lp As Agent For<br>Midland Funding Llc<br>Po Box 268941<br>Oklahoma City, Ok 73126-8941 | Unsecured | | $154.00 | $154.25 | $154.25 |
| 6 300 7100 | Pyod, Llc Its Successors And<br>Assigns As Assignee Of Citibank<br>Resurgent Capital Services<br>Po Box 19008<br>Greenville, Sc 29602 | Unsecured | | $4,411.00 | $4,825.96 | $4,825.96 |
| 7 300 7100 | Sallie Mae Inc, On Behalf Of The<br>Department Of Education<br>Doe<br>P.O. Box 740351<br>Atlanta, Ga 30374-0351 | Unsecured | | $0.00 | $21,346.35 | $21,346.35 |
| 8 300 7100 | Jefferson Capital Systems Llc<br>Purchased From Rjm Acquisitions, Llc<br>Po Box 7999<br>Saint Cloud Mn 56302-9617<br>Orig By: Black Expressions Book Club | Unsecured | | $101.00 | $101.00 | $101.00 |

Page 1                                        Printed: March 5, 2014

Exhibit C
ANALYSIS OF CLAIMS REGISTER

Case Number: 12-15749  
Debtor Name: Dontae L Hickenbottom  
Claims Bar Date: 10/26/2012  

Date: March 5, 2014

| Code # | Creditor Name And Address | Claim Class | Notes | Scheduled | Claimed | Allowed |
|---|---|---|---|---|---|---|
| 9<br>300<br>7100 | Von Maur<br>C/O H And R Accounts Inc<br>Po Box 672<br>Moline, Il 61265 | Unsecured | | $74.00 | $73.78 | $73.78 |
| | Case Totals | | | $8,553.00 | $34,448.68 | $34,448.68 |

Code#: Trustee's Claim Number, Priority Code, Claim Type (UTC)

### TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 12-15749
Case Name: Dontae L Hickenbottom
    Tenee R Hickenbottom
Trustee Name: Joji Takada, Chapter 7 Trustee

Balance on hand                                                                                   $

Claims of secured creditors will be paid as follows:

NONE

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: Joji Takada | $ | $ | $ |
| Trustee Expenses: Joji Takada | $ | $ | $ |

Total to be paid for chapter 7 administrative expenses              $_____
Remaining Balance                                                                        $_____

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $       must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

NONE

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $        have been allowed and will be paid pro rata only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be        percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 1 | Quantum3 Group Llc As Agent For | $ | $ | $ |
| 2 | Cvf Consumer Acquisition Company Its Successors | $ | $ | $ |
| 3 | American Infosource Lp As Agent For | $ | $ | $ |
| 4 | American Infosource Lp As Agent For | $ | $ | $ |
| 6 | Pyod, Llc Its Successors And Assigns As Assignee Of Citibank | $ | $ | $ |
| 7 | Sallie Mae Inc, On Behalf Of The | $ | $ | $ |
| 8 | Jefferson Capital Systems Llc | $ | $ | $ |
| 9 | Von Maur | $ | $ | $ |

Total to be paid to timely general unsecured creditors     $_____

Remaining Balance     $_____

  Tardily filed claims of general (unsecured) creditors totaling $         have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be       percent.

  Tardily filed general (unsecured) claims are as follows:

NONE

  Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $       have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be       percent.

  Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE